IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AQUILLA THROWER,<br>  Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-6569<br>: |
| VISTA AUTO GROUP, *et al.*,<br>  Defendants. | :<br>: |

**MEMORANDUM**

**WEILHEIMER, J.**                       DECEMBER 8, 2025

  Plaintiff Aquilla Thrower brings this civil action against Vista Auto Group, Inc., Kemper Insurance Company, and Westlake Financial Services. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Thrower leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

**I.  FACTUAL ALLEGATIONS**

  Thrower's Complaint is sparse. She alleges that she was financing a vehicle from Vista Auto Group that was vandalized while in her care. (Compl. at 4.)[1] Although unclear, her claims in this case appear to be based on allegations that she had to pay for both the vandalized vehicle as well as another vehicle she drove as a replacement. (*Id.*) Specifically, Thrower claims that she "continued to pay for the vehicle until it became final that [she] was not paying twice on [an] insurance bill that [she] did not accrue of monetary damages." (*Id.*) She also alleges that Vista Auto Group "failed to protect" her because it did not stop Westlake Financial Service or Kemper Insurance Company "from illegally taking [her] twice under the vandalism of [her] vehicle that

---

[1] The Court adopts the pagination supplied to the Complaint (ECF No. 2) by the Court's CM/ECF docketing system.

[she] consistently paid for while being placed in another car until the investigation was determined and decided." (*Id.*) She does not provide other details about her claims.

Based on those allegations, Thrower brings due process claims pursuant to 42 U.S.C. § 1983 and various state law claims. (*Id.* at 3.) She claims to have suffered a "mental injury upon an already prior disability" as a result of the events described in her Complaint. (*Id.* at 5.) She seeks millions of dollars in damages. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Thrower leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Thrower is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

#### A. Federal Claims

Thrower attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting due process claims under 42 U.S.C. § 1983.  However, "wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute.  *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former."); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal of claims for lack of jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (cleaned up)).  The factual scenario described in the Complaint as the basis for Thrower's claims concerns transactions for car and insurance payments between Thrower and private companies that are not subject to liability under § 1983.  *See, e.g.*, *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 931 (3d Cir. 2011) (*per curiam*) ("As the District Court noted, the defendants are not state actors.  The alleged misconduct of Liberty Mutual and its attorneys and adjustor in Abulkhair's case is not fairly attributable to the state."); *Antoine v. Superior Ct. of N.J.*, No. 15-1267, 2015 WL 9582143, at *4 (D.N.J. Dec. 29, 2015) ("Mercury is a private insurance agency.  Royale is a private insurance broker.  The Schenck defendants and M&W defendants are private attorneys.  There is no doubt that such defendants are private rather than state actors and, generally, cannot be liable under Section 1983.").  Accordingly, the Complaint does not raise a substantial federal question for jurisdictional purposes.  *See, e.g.*, *Rose v.*

3

*Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (*per curiam*) (affirming dismissal for lack of jursidction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute").

### B. State Claims

Thrower's Complaint is best construed as raising contract and/or tort claims under Pennsylvania law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Several factors may be relevant in determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business", as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (internal quotations omitted).

For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted). At the pleading stage, a plaintiff need not affirmatively allege the citizenship of a LLC if she alleges, after a reasonable investigation, that the members of the LLC are not citizens of her state of citizenship. *See Lincoln Benefit Life Co.*, 800 F.3d at 102.

Thrower provides a Pennsylvania address for herself, which suggests she may be a Pennsylvania citizen, although she does not specifically allege her citizenship. (Compl. at 2.) Nor does she allege the citizenship of the Defendants, which are either corporations whose citizenship is governed by their principal place of business and state of citizenship, or LLCs whose citizenship is governed by the citizenship of their members. (*See* Compl. at 2-3.) Absent sufficient allegations pertaining to the parties' citizenship, the Court cannot exercise diversity jurisdiction under § 1332. *See, e.g., Johnson v. Wal-Mart Stores E., LP*, No. 20-02450, 2020 WL 3264066, at *3 (D.N.J. June 17, 2020) ("When a party to the action is an unincorporated association, an allegation of diversity of citizenship must include the citizenship of each of the association's members.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this case for lack of subject matter jurisdiction. The dismissal will be without prejudice to Thrower filing an amended complaint in the event she can allege a basis for subject matter jurisdiction over her state claims or,

alternatively, filing a complaint in the proper state court so she may proceed on her claims in that venue.² An appropriate Order follows, which provides further instructions.

BY THE COURT:

*/s/ Gail A. Weilheimer*

_____
GAIL A. WEILHEIMER, J.

---

² The Court expresses no opinion at this time on the merits of Thrower's state claims. The Court notes, however, that if Thrower returns with an amended complaint in this Court, she must allege sufficient facts to both justify this Court's exercise of jurisdiction and to state a clear, plausible claim against each named defendant. This means Thrower must allege specific facts explaining what each defendant did or did not do that caused her harm and describing the transactions giving rise to her claims. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").